# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs March 13, 2002

## STATE OF TENNESSEE v. GENEE HARDIN SNOW, SR.

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2000-A-447      Cheryl Blackburn, Judge**

---

### No. M2001-01416-CCA-R3-CD - Filed June 7, 2002

---

Originally charged in an indictment with the offense of attempted first degree murder, the Defendant, Genee Hardin Snow, Sr., entered into a negotiated plea agreement wherein he pled guilty to the lesser-included offense of attempted second degree murder, with the trial court to determine the length and manner of service of his sentence following a sentencing hearing. Additional charges of aggravated assault, reckless endangerment with a deadly weapon, and possession of a weapon in a public place were dismissed pursuant to the plea agreement. Following a sentencing hearing, the trial court sentenced Defendant to serve nine (9) years in the Tennessee Department of Correction. Arguing that he should have received the minimum sentence of eight (8) years, and that he should have been ordered to serve the sentence on probation or some other form of alternative sentence, Defendant has appealed. After a thorough review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOE G. RILEY and JOHN EVERETT WILLIAMS, JJ., joined.

G. Wayne Davis, Nashville, Tennessee, for the appellant, Genee Hardin Snow, Sr.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Roger Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## FACTUAL BACKGROUND

When Defendant pled guilty to attempted second degree murder of the victim, Martha Ellison, the prosecutor submitted the following facts to support a conviction for attempted second degree murder in compliance with Tennessee Rule of Criminal Procedure 11(f). On September 30, 1999, Defendant shot the victim one time in her mid-section with a .38 caliber revolver. The shooting occurred in a bar in Nashville. The victim and Defendant had previously dated for approximately one to one and one-half years, breaking up approximately two weeks prior to the shooting. They had arrived at the bar separately, and Defendant came up to the victim at the table where she was sitting. They had a physical altercation, during which Defendant struck the victim. She stood up and, at that point, Defendant produced a gun and shot her. She was taken to Vanderbilt University Medical Center where she underwent surgery. Defendant immediately left the bar and drove away. Witnesses observed the license tag of his vehicle. The police went to Defendant's home, and he admitted shooting the victim. He claimed that it was done in self-defense when she had picked up a beer bottle at the bar. At the guilty plea hearing, Defendant acknowledged to the trial court that the facts, as related by the prosecutor, were "generally true."

At the sentencing hearing, the victim, Martha Ellison, testified that she was sitting in the bar with a third person on July 30, 1999, when Defendant came inside, stood around a while, and then went to the restroom. When Defendant came out of the restroom, he walked up to Ellison and slapped her. Ellison stated that when Defendant shot her, she did not have a weapon in her possession and had never picked up her beer bottle. She was in the hospital approximately ten days. The bullet which struck her had entered her lungs, and she almost died. She was required to use a walker for approximately four months after her release from the hospital.

Defendant testified at the sentencing hearing that he was seventy-nine years old and had never before been charged with a criminal offense. He was a part-time security guard at a condominium complex in Nashville. Defendant stated that he was not searching for the victim when he entered the bar. Instead, he asserted that he chose that bar on the evening of the incident because he did not see the victim's car parked there. Defendant testified that after he noticed the victim inside the bar, he leaned over to talk to her but she stiff-armed him, stood up, and then charged at him with a beer bottle. He claimed that the shooting was accidental and that he was only trying to frighten her to prevent her from harming him. He claimed that a week or two before the shooting, the victim had beaten him up. Defendant testified that he suffers from high blood pressure, arthritis in one hip, and partial blindness in his left eye due to a cataract. Defendant's credibility was impeached with documentary evidence that his age was sixty-nine years rather than seventy-nine years. He also admitted that he did have a prior DUI conviction. Two character witnesses testified on behalf of Defendant: one was a neighbor who worked as an assistant fire chief in the Metro Fire Department, and the other was a minister.

After the testimony and arguments of counsel, the trial court made detailed findings of fact and sentenced Defendant to serve nine years in the Department of Correction. The trial court found three enhancement factors and one mitigating factor applicable. Accordingly, the trial judge enhanced the sentence three years above the minimum based upon the enhancement factors and then decreased that sentence by two years, which resulted in a sentence of nine years.

## ANALYSIS

On appeal, Defendant primarily argues that the trial court failed to apply all appropriate mitigating factors and also failed to properly weigh the enhancement and mitigating factors in determining the length of his sentence. We respectfully disagree.

When an accused challenges the length, range, or the manner of service of a sentence, this Court conducts a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1997). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). Our review of this case is de novo with a presumption of correctness.

In conducting a de novo review, we must consider (1) the evidence, if any, received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) any statement that the defendant made on his own behalf, and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, 103, 210; see Ashby, 823 S.W.2d at 168; State v. Moss, 727 S.W.2d 229 (Tenn. 1986). Defendant bears the burden of demonstrating that the sentence is improper. Ashby, 823 S.W.2d at 169.

In Defendant's case, the trial court found that the following three enhancement factors were applicable: (a) the defendant has a previous history of criminal behavior in addition to those necessary to establish the appropriate range, see Tenn. Code Ann. § 40-35-114(1); (b) the personal injuries inflicted upon the victim were particularly great, see Tenn. Code Ann. § 40-35-114(6); and (c) the defendant employed a firearm during the commission of the offense, see Tenn. Code Ann. § 40-35-114(9). Defendant does not dispute that the above factors were applicable. Rather, he contends that the trial court gave these factors improper weight.

Specifically, the record reveals that the trial judge found proof of previous criminal behavior based on Defendant's testimony that he routinely carried his firearm for the purpose of going armed, and without a permit to do so. In addition, it was clear that Defendant had a prior conviction for DUI. Thus, we agree that enhancement factor (1) was properly applied. With regard to the second

enhancement factor applied by the trial court, we note that proof of personal injury to the victim is not required in order to establish the offense of attempted second degree murder. In this case, the victim testified that she was hospitalized for ten days, her lungs were "cut" by the bullet, and she was required to use a walker in order to move about for approximately four months after her release from the hospital. The trial court correctly noted that the victim almost died before she could be taken to the hospital, as reflected by the presentence report. Therefore, enhancement factor (6) was also properly applied. Finally, there is no question that Defendant employed a firearm in commission of the offense and, thus, enhancement factor (9) was also properly applied. The weight to be afforded an existing factor is left to the trial court's discretion so long as it complies with the purposes and principles of the Sentencing Act, and its findings are adequately supported by the record. Id. § 40-35-210, Sentencing Commission Comments; Moss, 727 S.W.2d at 237; see Ashby, 823 S.W.2d at 169. Our review reveals that the trial court has complied with the Act and its findings are adequately supported by the record. Consequently, we find that the weight given the enhancement factors determined appropriate in this case was left to the court's discretion and, thus, no error exists.

Defendant also contends that the mitigating factors submitted by Defendant were appropriate, the trial court erred by refusing to apply them all, and the length of his sentence was improper as a consequence. The record reflects that the trial court considered as a mitigating circumstance only the fact that Defendant had a distinguished military career, under Tenn. Code Ann. § 40-35-113(13). With regard to other mitigating factors, the trial court specifically found that Defendant had not acted under strong provocation, Tenn. Code Ann. § 40-35-113(2); that there were no grounds existing to excuse or justify Defendant's criminal conduct, Tenn. Code Ann. § 40-35-113(3); that Defendant did not assist the authorities in investigating the matter, Tenn. Code Ann. § 40-35-113(10); and that his claims of remorse were suspect, as shown by the fact that he immediately left the scene and went home after the shooting.

At the conclusion of the sentencing hearing, Defendant was then sentenced as a Range I standard offender for the Class B felony offense of attempted second degree murder. The sentence to be imposed by the trial court for a Class B felony is presumptively the minimum in the range when no enhancement or mitigating factors are present. See Tenn. Code Ann. § 40-35-210(c) (1997). As a Range I offender, the sentence range in this case was eight (8) to twelve (12) years. See id. § 40-35-112(2). In determining the sentence, the trial court found that the enhancement factors elevated the appropriate sentence from eight to eleven years, but, after considering the applicable mitigating factor, the proper sentence should be decreased to nine years.

With regard to the mitigating factors found inapplicable by the trial court, we find no abuse of discretion. The trial court made detailed findings of fact, including the conclusion that the victim's testimony was more credible than that of Defendant, and we find no error in its conclusion that further mitigation was not appropriate. Further, as stated above, the weight given the sole mitigating factor applied in this case is a matter within the discretion of the trial court. Since we agreed that the trial court also properly weighed the enhancement factors, we conclude that the sentence length of nine years was appropriate.

Consequently, we also observe that Defendant was also not eligible for a sentence of probation or split-confinement, because his sentence was more than eight (8) years. See Tenn. Code Ann. § 40-35-303(a) (1997). Even though Defendant has not requested to be placed in the Community Corrections Program in this appeal, the trial court properly concluded that Defendant was not eligible to be sentenced in the Community Corrections Program because of the nature of the offense. See 40-36-106 (1997). Defendant is not entitled to relief on this issue.

## CONCLUSION

Accordingly, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE